**December 7, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

SCOTT RAYMOND TIGNOR,

    Defendant - Appellant.

No. 19-1158
(D.C. No. 1:18-CR-00524-PAB-1)
(D. Colo.)

_____

**ORDER**

_____

Before **LUCERO**, **KELLY**, and **BACHARACH**, Circuit Judges.

_____

    This matter is before the court sua sponte to correct an inadvertent misstatement on page 2 of the Opinion issued on December 1, 2020. The correction does not materially alter the Opinion. The Clerk shall reissue the attached corrected version of the Opinion, effective nunc pro tunc to the date the original Opinion was filed.

                    Entered for the Court

                    CHRISTOPHER M. WOLPERT, Clerk

FILED
United States Court of Appeals
Tenth Circuit

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

December 1, 2020

Christopher M. Wolpert
Clerk of Court

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

SCOTT RAYMOND TIGNOR,

      Defendant - Appellant.

No. 19-1158

_____

**Appeal from the United States District Court
for the District of Colorado
(D.C. No. 1:18-CR-00524-PAB-1)**
_____

Kathleen Shen, Assistant Federal Public Defender (Virginia L. Grady, Federal Public Defender), Denver, Colorado, for the Defendant-Appellant.

Karl L. Schock, Assistant United States Attorney (Jason R. Dunn, United States Attorney), Denver, Colorado, for the Plaintiff-Appellee.
_____

Before **LUCERO**, **KELLY,** and **BACHARACH**, Circuit Judges.
_____

**BACHARACH**, Circuit Judge.
_____

This appeal involves a guilty plea for possessing a firearm after a felony conviction. 18 U.S.C. § 922(g)(1). When defendant Mr. Scott Tignor pleaded guilty, our case law said that someone would incur guilt by

knowingly possessing a firearm after obtaining a felony conviction. *United States v. Griffin*, 389 F.3d 1100, 1104 (10th Cir. 2004). Under this case law, defendants would remain guilty even if they hadn't known that their prior convictions involved felonies. *United States v. Games-Perez*, 667 F.3d 1136, 1140–42 (10th Cir. 2012).

But soon after Mr. Tignor pleaded guilty, the case law changed when the Supreme Court decided *Rehaif v. United States*, 139 S. Ct. 2191 (2019). There the Supreme Court held that the government needed to prove that the defendant had known that "he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. Given the holding in *Rehaif*, the government needed to prove that Mr. Tignor had known that his prior conviction was punishable by more than a year in prison. *United States v. Trujillo*, 960 F.3d 1196, 1200–01 (10th Cir. 2020).

Invoking *Rehaif*, Mr. Tignor urges vacatur of his guilty plea because he wasn't told about the newly recognized element. For this issue, the parties agree that the plain-error standard applies. Under this standard, we consider whether Mr. Tignor showed a reasonable probability that he would not have pleaded guilty if he'd known that the government needed to prove knowledge of his prohibited status. *Id.* at 1207–08. We answer "no" because Mr. Tignor lacked a plausible defense. We thus affirm his conviction.

## I.   Mr. Tignor's prior conviction was punishable by over a year in prison.

In 2002, Mr. Tignor was convicted in Texas of aggravated assault causing serious bodily injury. Under Texas law, aggravated assault constituted a second-degree felony punishable by 2 to 20 years' imprisonment. *See* Tex. Penal Code §§ 22.02(a)(1), (b), 12.33(a).

For the conviction on aggravated assault, Mr. Tignor was sentenced to 10 years of shock probation.[1] But the court later revoked probation and imposed a prison term of 7 years. Mr. Tignor served about 2 years of that sentence and was released about 13 years ago. After obtaining release, he moved to Colorado.

While living in Colorado, Mr. Tignor asked for someone in the Sheriff's Department to come to his house to investigate a theft. Unbeknownst to Mr. Tignor, the officers had a warrant for his arrest. So they came to his house prepared to arrest him. Unaware of the warrant, Mr. Tignor announced that he had a firearm. The officers retrieved the firearm, which led to a federal charge of unlawfully possessing a firearm after a felony conviction. *See* 18 U.S.C. § 922(g)(1). The charge culminated in a

---

[1]    At that time, Texas used the term "shock probation" to refer to a term of probation after the defendant had already spent time in confinement. *State v. Garza*, 442 S.W.3d 585, 587–88 (Tex. App. 2014).

guilty plea. Afterward, Mr. Tignor said that he had known about a Texas law that he thought would allow him to possess a firearm at his home.

## II. Mr. Tignor's forfeiture of his appellate argument triggers plain-error review.

Mr. Tignor did not raise his appellate argument in district court, so we apply the plain-error standard. *United States v. Trujillo*, 960 F.3d 1196, 1201 (10th Cir. 2020). Under this standard, Mr. Tignor must show an obvious error that affects his substantial rights and "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (quoting *United States v. Samora*, 954 F.3d 1286, 1293 (10th Cir. 2020)).

## III. The district court committed an obvious error.

The government concedes the existence of an obvious error, and we accept this concession. The Federal Rules of Criminal Procedure require district courts to inform a defendant of the nature of the charge before accepting a guilty plea. Fed. R. Crim. P. 11(b)(1)(G). Given this requirement, the court must inform defendants of the elements before accepting their guilty pleas. *Hicks v. Franklin*, 546 F.3d 1279, 1284 (10th Cir. 2008).

Despite this requirement, the district court accepted Mr. Tignor's guilty plea without telling him that the government needed to prove knowledge of his prohibited status. The omission is understandable, but it is still an obvious error under current law. *See Trujillo*, 960 F.3d at 1201

("While the district court correctly applied the law as it existed at the time, the court's failure to inform Defendant of the knowledge-of-status element constitutes error that is plain on appeal.").

## IV. Mr. Tignor hasn't proven a reasonable probability that he would have pleaded not guilty without the error.

Even though an obvious error took place, Mr. Tignor needed to show that the error had affected his substantial rights. *Id.* The required showing entails a reasonable probability that, without the error, Mr. Tignor would have pleaded not guilty. *Id.* at 1208.

### A. Mr. Tignor did not waive this argument.

The government argues that Mr. Tignor waived this argument by failing to address it in his opening brief. There he argued that the district court had committed a structural error, requiring reversal of the conviction even if he couldn't show a reasonable probability of a different result. At the time, we hadn't decided whether to characterize this error as a structural error and a circuit split existed elsewhere. *Compare United States v. Williams*, 946 F.3d 968, 972–73 (7th Cir. 2020) (concluding that this error was not structural), *with United States v. Gary*, ___ F.3d ___, 2020 WL 1443528, at *4 (4th Cir. Mar. 25, 2020) (concluding that this error was structural). Given this circuit split, the government argued that we should join those courts declining to characterize this error as structural. After the briefing was complete, we decided the issue, agreeing with the government

5

that the error was not structural. *United States v. Trujillo*, 960 F.3d 1196, 1207–08 (10th Cir. 2020). But the government then argued that Mr. Tignor had waived this argument by failing to address it in his opening brief. We disagree.

When briefing was complete, we hadn't yet decided whether this error was structural. Given the circuit split, Mr. Tignor could reasonably urge the existence of a structural error and he did. Under these circumstances, Mr. Tignor reasonably replied to the government by arguing that he'd satisfied the standard embraced by the government. *See United States v. Zander*, 794 F.3d 1220, 1232 n.5 (10th Cir. 2015) (allowing the appellant to urge plain error in the reply brief after urging in the opening brief that the error had been preserved). We thus address the argument that Mr. Tignor newly presented in his reply brief.

**B.  Mr. Tignor has not shown a reasonable probability that he would have pleaded not guilty without the error.**

Mr. Tignor urges a reasonable probability that he would have pleaded differently if he had known that the government needed to prove knowledge of his prohibited status. According to Mr. Tignor, he would have pleaded not guilty because he

- had not known that his Texas offense was punishable by more than one year imprisonment and

- had believed that the government restored all of his civil rights.

*See* 18 U.S.C. § 921(a)(20) (defining a "crime punishable by imprisonment for a term exceeding one year" to exclude "[a]ny conviction . . . for which a person . . . has had civil rights restored").

### 1.   A crime punishable by more than one year in prison

Mr. Tignor argues that the government couldn't prove knowledge that his prior offense was punishable by over a year in prison. In support, he argues that

- he may have forgotten the details of his Texas conviction because it had been imposed roughly sixteen years earlier and

- the original sentence entailed ten years of shock probation (not imprisonment) and he served two years in prison only after his probation had been revoked.

Given these facts, Mr. Tignor argues that he could have plausibly defended on the current charge by denying knowledge that his Texas crime had carried a potential prison sentence exceeding a year. We disagree.

Even if Mr. Tignor had forgotten some of the details, he knew that he was a convicted felon. For example, Mr. Tignor argued at sentencing that he thought that a Texas law allowed him to possess a firearm. But that law applied only to convicted felons. *See* Tex. Penal Code § 46.04(a)(1)–(2) (stating that individuals convicted of a felony commit a crime by possessing a firearm outside their homes more than five years after release from confinement).

7

Of course, if the current case had gone to trial, it wouldn't have been enough for the government to prove knowledge of a felony conviction; the government would also have needed to prove knowledge that the conviction entailed "a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). But two pieces of evidence suggest that Mr. Tignor had known that the Texas felony was punishable by more than a year in prison.

First, when Mr. Tignor's probation was revoked, he was sentenced to seven years' imprisonment. For this sentence, he served roughly two years in prison. Mr. Tignor presumably wouldn't forget that he'd spent well over a year in prison after obtaining the conviction.

Second, when Mr. Tignor pleaded guilty to aggravated assault, Texas law required the state court to inform him of the possible sentencing range. *See* Tex. Code Crim. Proc. Ann. art. 26.13(a)(1) (stating that "[p]rior to accepting a plea of guilty . . . , the court shall admonish the defendant of" "the range of the punishment attached to the offense"). That range was 2 to 20 years' imprisonment. *See* Tex. Penal Code §§ 22.02(a)(1) and (b), 12.33(a). So Mr. Tignor likely knew that aggravated assault was punishable by more than one year in prison. *See United States v. Burghardt*, 939 F.3d 397, 404 (1st Cir. 2019) (noting that when a state's law "requires a judge to make sure that a defendant knows the maximum possible sentence when entering a guilty plea," it was "virtually certain" that he was so informed).

8

For both reasons, Mr. Tignor faces an "uphill battle" to show that the error affected his substantial rights:

> [A]ny § 922(g) defendant who served more than a year in prison on a single count of conviction will face an uphill battle to show that a *Rehaif* error in a guilty plea affected his substantial rights—at least on a silent record. [The Defendant] faces an even steeper climb because his record is not truly silent, and the little evidence available further supports the conclusion that he would have decided to plead guilty even if he had been informed of the government's burden of proof.

*United States v. Williams*, 946 F.3d 968, 974 (7th Cir. 2020) (citing *United States v. Vonn*, 535 U.S. 55, 74 (2002)).

Mr. Tignor points out that he obtained the seven-year sentence only after the state court revoked his probation. But Mr. Tignor didn't just get his probation revoked; he also spent roughly two years in prison. Because he actually served roughly two years in prison, he knew that the prior conviction ultimately led to a prison term of over a year. *See id.* at 973 (stating that a defendant who served more than a year in prison on a conviction "cannot plausibly argue that he did not know his conviction had a maximum punishment exceeding a year"); *see also Trujillo*, 960 F.3d at 1208 (concluding that the defendant could not show a reasonable probability that, if he had been advised of the government's need to prove knowledge of his prohibited status, he would not have pleaded guilty because he had "served a total of four years in prison for six felony offenses"). We thus conclude that Mr. Tignor lacked a plausible argument

9

that he hadn't known that his prior conviction was punishable by more than a year in prison.

## 2. Restoration of civil rights after a conviction

Mr. Tignor points out that defendants can possess firearms after obtaining restoration of their civil rights. 18 U.S.C. § 921(a)(20). Relying on this provision, Mr. Tignor argues that he could have defended based on a belief that his civil rights had been restored. In support, Mr. Tignor cites

- the Texas law, which permits convicted felons to possess a firearm at their own homes more than five years after release (Tex. Penal Code § 46.04(a)(1)–(2)),

- a Texas election law, which defines a "qualified voter" to include convicted felons who have "fully discharged" their sentences (Tex. Elec. Code § 11.002), and

- his statement to the arresting officers that he was armed.

We have not yet decided whether the government must prove knowledge that the defendant hadn't obtained restoration of his civil rights. But even if the government had this burden, Mr. Tignor's arguments would fail for two reasons.

First, Texas law didn't apply. The crime was federal, and Mr. Tignor possessed the firearm after he'd already moved from Texas to Colorado.

Second, Mr. Tignor presumably knew that some of his civil rights had not been restored. In *United States v. Flower*, 29 F.3d 530 (10th Cir. 1994), we considered whether a defendant had obtained restoration of his civil rights. The defendant had a previous Utah felony conviction, which

10

prevented him from serving on a jury. *Id.* at 536. Because of this one unavailable right, he hadn't had his civil rights restored. *Id.* So defendants obtain restoration of their civil rights only if they have reacquired *all* of their civil rights.

Mr. Tignor couldn't plausibly assert a belief that all of his civil rights had been restored. Indeed, he relies on a law that prevented him from taking the firearm anywhere outside his home. *See* Tex. Penal Code § 46.04(a)(1)–(2). So Mr. Tignor presumably knew that at least some of his civil rights hadn't been restored.

* * *

For these reasons, we conclude that Mr. Tignor failed to show a reasonable probability that he would have pleaded not guilty if he'd known of the newly recognized element.[2] Mr. Tignor thus failed to show a reasonable probability that he would have pleaded not guilty in the absence of the error. So we affirm his conviction.

---

[2] The government makes three additional arguments: (1) Mr. Tignor obtained a three-level sentence reduction for accepting responsibility when he pleaded guilty, (2) the evidence of guilt was overwhelming, and (3) the underlying facts of the prior conviction would have been admissible at trial to show knowledge that the crime was punishable by more than one year. We need not address these additional arguments.