UNITED STATES COURT OF APPEALS

January 4, 2021

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JEREMY JAVAN WILSON,

    Defendant - Appellant.

------------------------------------------

THE FEDERAL PUBLIC DEFENDER
FOR THE DISTRICTS OF COLORADO
AND WYOMING,

    Amicus Curiae.

No. 19-1055
(D.C. No. 1:18-CR-00366-PAB-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HOLMES**, **MATHESON**, and **BACHARACH**, Circuit Judges.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and 10th Circuit Rule 32.1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant-Appellant Jeremy Javan Wilson appeals his conviction of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and his subsequent sentence of sixty-three months' imprisonment. First, he challenges the constitutional validity of his guilty plea, asserting that he was not advised of the true nature of the charge. In this regard, Mr. Wilson claims that the district court erred by accepting his guilty plea to the § 922(g)(1) offense without advising him of a requisite offense element—specifically, that he must have knowledge at the time of the firearm possession of his felon status, as the Supreme Court required in *Rehaif v. United States*, --- U.S. ---, 139 S. Ct. 2191 (2019). Second, Mr. Wilson appeals his sentence of sixty-three months' imprisonment on the grounds that it is procedurally and substantively unreasonable. He argues that the district court failed to properly consider his mental-health issues in its application of the 18 U.S.C. § 3553(a) factors and, relatedly, did not adequately explain the basis for its sentencing decision.

Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, we reject Mr. Wilson's arguments and **affirm** the district court's judgment.

**I**

On November 9, 2019, Mr. Wilson pleaded guilty to possession of a firearm while a felon—a violation of 18 U.S.C. § 922(g)(1). At the time he entered his plea, the law of this circuit required the government to prove three elements to

2

secure his conviction under § 922(g)(1): (1) that Mr. Wilson had previously been convicted of a felony; (2) that Mr. Wilson thereafter knowingly possessed a firearm or ammunition; and (3) that the possession was in or affecting interstate commerce. *See, e.g.*, *United States v. Silva*, 889 F.3d 704, 711 (10th Cir. 2018) (citing *United States v. Benford*, 875 F.3d 1007, 1015 (10th Cir. 2017)).

Consistent with then-extant law, Mr. Wilson admitted to the following elements of § 922(g)(1) in his plea agreement:

> First: the Defendant knowingly possessed a firearm.
>
> Second: the Defendant was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, before he possessed the firearm; and
>
> Third: before the Defendant possessed the firearm, the firearm had moved at some time from one state to another.

R., Vol. I, at 25 (Plea Agreement, filed Nov. 9, 2018). The parties agreed to recommend to the court a three-point reduction in the offense level for acceptance of responsibility, and they agreed to request from the court a sentence of sixty-three months' imprisonment. In addition, the plea agreement stated, "[t]he parties agree that there is no dispute as to the material elements which establish a factual basis of the offense of conviction." *Id*. at 26.

At the change of plea hearing, Mr. Wilson detailed his mental-health and medical history. He informed the court that he has been "diagnosed with PTSD [i.e., Post Traumatic Stress Disorder], bipolar [disorder], [and] manic

3

[depression]." *Id*., Vol. III, at 11 (Change of Plea Hr'g Tr., dated Nov. 9, 2018).

He also discussed a head injury that he suffered in 2009 and detailed the year in

which each mental-health-related diagnosis occurred.[1]  The court then inquired

whether he had been taking psychiatric medications since being in custody and

about the presence of any ongoing mental-health and medical issues.

While acknowledging the persistence of his depression, Mr. Wilson denied

taking any psychiatric medications.  He also explained he was "able to focus on

[the plea agreement] without some of those [depressive] symptoms . . . interfering

with [his] ability to understand." *Id.* at 13.  When the court inquired as to

whether Mr. Wilson's counsel observed signs of "Mr. Wilson not being able to

understand the nature of the proceedings due to what . . . could be some type of

psychiatric issue," Mr. Wilson's counsel definitively responded in the negative,

stating: "Never at all." *Id*. at 15.

Mr. Wilson entered his guilty plea, after testifying that he had read the

agreement, spoken with his counsel, and understood the charge.  In accepting his

plea, the court found that Mr. Wilson is "alert, sober and competent . . . . that [he]

understands the charge that he has pled guilty to, including the nature,

circumstances, factual basis, and essential elements of the charge. . . . [and] that

---

[1]     Mr. Wilson's diagnosis of PTSD was made in 2009 as a result of the
aforementioned head injury.  The State Department of Corrections diagnosed him
as a manic depressant and having bipolar disorder in 2010.

4

[he] has thoroughly discussed his Plea Agreement with his attorney." *Id*. at 26.

And the court accepted Mr. Wilson's plea and adjudged him guilty of the

§ 922(g)(1) offense.

With a total offense level of seventeen and a criminal history category of

VI, the probation officer calculated Mr. Wilson's advisory U.S. Sentencing

Guidelines range to be fifty-one to sixty-three months' imprisonment. *Id*., Vol. II,

at 71 (Sent'g Recommendation, filed Jan. 23, 2019). In the Presentence

Investigation Report ("PSR"),[2] the probation officer noted, "the defendant knows

he is not permitted to be in possession of firearms, but continues to possess them,

even while under supervision." *Id*. at 73. The probation officer also noted that

Mr. Wilson had a prior state-court conviction for possession of a weapon by a

previous offender, and while on parole, he committed the instant offense. *Id*. In

that prior case, Mr. Wilson "admitted to [an] undercover officer that he did not

like meeting at a public place to sell firearms due to being a convicted felon." *Id*.

Two addendums were included with the PSR prior to sentencing.

Particularly relevant to Mr. Wilson's arguments on appeal is the second

addendum—a brief two-page document, filed shortly before sentencing, that

contained certain additional information regarding Mr. Wilson's mental-health

---

[2]     In preparing the PSR, the probation officer used the 2018 edition of the Guidelines to calculate the advisory Guidelines sentence. Mr. Wilson does not challenge that decision on appeal. Therefore, we also refer to the 2018 edition, as needed, in resolving the sentencing issues in this appeal.

history, including a "patient report" from Mr. Wilson's admission to the emergency room on May 5, 2010. *Id.*, Vol. II, at 77 (Second Add. to PSR, filed Jan. 30, 2019) (the "Second Addendum"). Apparently in connection with this admission, Mr. Wilson was diagnosed as having a mood disorder (not otherwise specified) and antisocial personality traits. The Second Addendum also referenced records indicating that a physician at the halfway house where Mr. Wilson resided had diagnosed him with bipolar disorder and PTSD. The Second Addendum also mentioned Mr. Wilson had a Global Assessment of Function ("GAF") score of 45.[3]

At sentencing, the district court noted that the parties did not object to either the sentencing recommendation or the PSR. The district court mentioned the recent filing of the Second Addendum and commented that it did not appear to have "anything material in it." *Id.*, Vol. III, at 33 (Sent'g Hr'g Tr., dated Feb. 1, 2019). Defense counsel agreed. *Id.* ("[Defense Counsel: The Second Addendum] doesn't materially affect anything I am going to say to the Court . . . ."); *id.* ("[Defense Counsel: The Second Addendum] looks like it was just a little more of an elaboration of what was summarized before.").

---

[3]     The Second Addendum notes that "[t]he GAF scale is used to rate how serious a mental illness may be[; i]t measures how much a person's symptoms affect his or her day-to-day life on a scale of 0 to 100." R., Vol. II at 77 n.1. According to the Second Addendum, "[a] score of 45 indicates serious symptoms or any serious impairment [of] day-to-day functioning." *Id.*

The court then applied the statutory factors set forth in 18 U.S.C. § 3553(a). Without objection from the parties, the court adopted the factual findings and Guidelines applications in the PSR as the court's findings of fact concerning sentencing. *Id*. at 42. The court then spoke about Mr. Wilson's background—describing his troubled upbringing, his "broken home," and other "tragedies" that he had suffered. *Id*. at 42–43. The court also noted his history of head trauma and, in particular, the 2009 head injury. The court explained, "there hasn't been a great diagnosis of what potential effects [Mr. Wilson] might have from some of these head injuries." *Id*. at 43. As a result, the court "strongly urge[d] Mr. Wilson, while he is in custody, to see whether he can get some medical services related to figuring out whether there is any type of brain injury." *Id*. After discussing his criminal history, the court then sentenced Mr. Wilson to sixty-three months' imprisonment—consistent with Mr. Wilson's request. *Id*. at 46.

The district court entered judgment on February 5, 2019, and Mr. Wilson filed a timely notice of appeal.

## II

We now consider Mr. Wilson's arguments on appeal. He first challenges the constitutional validity of his guilty plea, asserting that he was not advised of the true nature of the charge. In this regard, Mr. Wilson contends that the district

7

court erred by accepting his guilty plea to the § 922(g)(1) charge because the court failed to advise him of the requisite *Rehaif* element—that is, his knowledge of his prohibited status, as a felon, at the time of the firearm possession. Specifically, approximately four months after the district court entered its final judgment, the Court in *Rehaif* held that to obtain a conviction "under 18 U.S.C. § 922(g) . . . the Government must prove *both* that the defendant knew he possessed a firearm *and* that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2200 (emphasis added).[4]

And, second, Mr. Wilson appeals his sentence of sixty-three months' imprisonment on the grounds that it is procedurally and substantively unreasonable. He argues that the district court failed to properly consider his mental-health issues in its application of the § 3553(a) factors and, relatedly, that it did not adequately explain the basis for his sentence. In particular, Mr. Wilson asserts that his mental illnesses were only "superficially recognized by the court" and that "the [c]ourt failed to address his diagnosis of head trauma and bipolar

---

[4]  Indeed, in *Rehaif*'s wake, we have ruled that the Court's decision "changed the established law such that, now, to secure a conviction under 18 U.S.C. § 922(g)(1), the Government must also prove that the defendant knew 'he had the relevant status' as a felon when he possessed the firearm." *United States v. Trujillo*, 960 F.3d 1196, 1201 (10th Cir. 2020) (quoting *Rehaif*, 139 S Ct. at 2194); *see also United States v. Fisher*, 796 F. App'x 504, 510 (10th Cir. 2019) (unpublished) (acknowledging that the government must *now* prove defendant "knew he had the relevant status" (quoting *Rehaif*, 139 S. Ct. at 2194)).

8

illness and PTSD."  Aplt.'s Opening Br. at 16.  We consider Mr. Wilson's two

challenges in turn.

## A

Mr. Wilson first attacks the validity of his conviction. *Id*. at 6. He explains that "the United States Supreme Court [in *Rehaif*] has rendered a decision . . . that changes the rules all have been playing by . . . with respect to prosecuting felon in possession cases." *Id.* And the district court erred by failing to inform him of the element of his crime of conviction that *Rehaif* announced—specifically, that he must possess knowledge that he was a felon when he possessed the firearm. Mr. Wilson supports this argument by noting that "[n]owhere in the Plea Agreement [that he signed] is any statement that [he] knew he was such a prohibited person." *Id.* at 9 (emphases omitted).

To be sure, before Mr. Wilson entered his guilty plea, there is no record evidence that he had been informed that a requisite element of his felon-in-possession charge is the defendant's knowledge of his felon status at the time of his firearm possession. But it is equally true that Mr. Wilson failed to raise any objection to his conviction on this basis before the district court.

Consequently, Mr. Wilson forfeited this objection and is entitled, at most, to plain-error review on appeal. *See United States v. Tignor*, 981 F.3d 826, 827–28 (10th Cir. 2020) *("Invoking Rehaif*, Mr. Tignor urges vacatur of his guilty plea because he wasn't told about the newly recognized element. For this issue, the parties agree that the plain-error standard applies."); *see also Richison v.*

*Ernest Grp., Inc.*, 634 F.3d 1123, 1128 (10th Cir. 2011) (noting that "if the theory simply was [not] raised before the district court, we usually hold it forfeited"). We need not pause, however, to delineate the components of the plain-error standard now[5] because Mr. Wilson has failed to argue plain error.

In order to secure plain-error review, a litigant must make an argument under that rubric on appeal. *See Richison*, 634 F.3d at 1131 (noting that a litigant's "failure to argue for plain error [review] and its application on appeal—surely marks the end of the road for an argument for reversal not first presented to the district court"); *accord United States v. Wright*, 848 F.3d 1274, 1281 (10th Cir. 2017) ("[W]e have repeatedly declined to consider arguments under the plain-error standard when the defendant fails to argue plain error.").

Yet, Mr. Wilson has failed to argue for plain-error review in connection with his *Rehaif* challenge. Instead, he elides any mention of his forfeiture before the district court and asserts that the appropriate standard for consideration of the *Rehaif* issue "should be de novo since [it] concerns a change in a statutory legal definition," citing *United States v. Orr*, 567 F.3d 610 (10th Cir. 2009). Aplt.'s Opening Br. at 5. However, *Orr* is wholly inapposite, as to whether Mr. Wilson is subject to plain-error review under these circumstances; that case merely stands

---

[5]     We do so *infra* in Part II.B.2.

11

for the well-settled proposition that legal questions in the sentencing context ordinarily are reviewed de novo. *See Orr*, 567 F.3d at 614.

Because of his failure to argue for plain-error review, Mr. Wilson must confront the "cold reality" that similarly situated litigants have repeatedly faced. *Havens v. Colo. Dep't of Corrs.*, 897 F.3d 1250, 1260 (10th Cir. 2018). That is, he must make his peace with our decision to decline to consider the *Rehaif* issue at all, deeming it "effectively waived." *Fish v. Kobach*, 840 F.3d 710, 729–30 (10th Cir. 2016) (noting that litigant failed to "make an argument for plain error review on appeal" and, as a consequence, defendant's "argument has come to the end of the road and is effectively waived").[6]

## B

Mr. Wilson next argues that his "sentenc[e] is invalid." Aplt.'s Opening Br. at 10. While he acknowledges that the sentence was "consistent with the Plea Agreement and the Sentencing Guidelines," he claims that "his sentence should nonetheless be reduced or even reversed since his mental health issues were

---

[6]     In light of this effective-waiver resolution of Mr. Wilson's *Rehaif*-based challenge, we have no need to examine, and determine the applicability of, the merits argument that the Federal Public Defender for the Districts of Colorado and Wyoming advanced—in the role of *amicus curiae* in favor of reversal—concerning the proper standard to measure prejudice in cases presenting similar *Rehaif* issues. *See* Amicus Br. at 8 ("A guilty plea entered without advisement of an essential element of the crime can be salvaged only if the record shows that the defendant nevertheless was aware of the omitted element or contains an admission by the defendant of the facts necessary to prove that element." (bold face font omitted)).

12

incorrectly considered by the District Court." *Id.* at 11. Mr. Wilson presents both

procedural and substantive challenges to his sentence. After providing an

overview of our standard of review, we address these challenges in turn.[7]

_____

[7] Mr. Wilson attached to his Opening Brief—as Attachment C—a letter that he wrote to the district court approximately two weeks *after* the court imposed its sentence on him. *See* Aplt.'s Opening Br. at Attach. C (Wilson Letter, filed Feb. 14, 2019). In that letter, Mr. Wilson claimed that he asked his lawyers "to request a full mental and psychological evaluation" prior to sentencing but it "was never done" and asserted that his lawyers had provided "ineffective assistance of counsel." *Id.* at 1. Mr. Wilson makes brief and oblique references to the contents of this letter in his Opening Brief, at least arguably in support of his challenges to both the procedural and substantive reasonableness of his sentence. In this regard, he notes that the letter "cites many mental health issues which the Court did not adequately consider for sentencing" and that Mr. Wilson's counsel was "deficient in failing to investigate and verify his mental illness history," consequently leaving the district court without "a reasonable record before it to evaluate the significance of Mr. Wilson's mental illness." Aplt.'s Opening Br. at 12, 15. Because Mr. Wilson's letter was not before the district court at the time that the court imposed Mr. Wilson's sentence, its contents cannot properly factor into our decisional calculus. *See, e.g., United States v. Dachman*, 743 F.3d 254, 261 n.3 (7th Cir. 2014) ("On appeal, we only consider evidence that was properly and timely introduced before the district court. Consequently, we confine our review of the procedural soundness of Dachman's sentence to the record and the arguments he advanced in the district court through the conclusion of his January 17, 2013 sentencing hearing."); *cf. United States v. Mendoza*, 543 F.3d 1186, 1196 (10th Cir. 2008) (noting that "a sentencing court may not alter a sentence for substantive reasons after it has been verbally imposed"); *United States v. Warner*, 23 F.3d 287, 290 (10th Cir. 1994) ("Once the district court has heard objections to the [PSR] and has imposed sentence, the district court's jurisdiction over the defendant becomes very limited."). Moreover, even Mr. Wilson appears to recognize that his concern about his counsel's performance during his sentencing proceeding is a matter to address "at another time." Aplt.'s Opening Br. at 15; *see United States v. Galloway*, 56 F.3d 1239, 1242 (10th Cir. 1995) (en banc) ("The rule in this circuit, then, is that claims of constitutionally ineffective counsel should be brought on collateral review, in the first petition filed under 28 U.S.C. § 2255.");

(continued...)

13

**1**

"[W]e review sentences for reasonableness under a deferential abuse-of-discretion standard." *United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1214 (10th Cir. 2008); *accord United States v. Cookson*, 922 F.3d 1079, 1090 (10th Cir. 2019). "A district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Friedman*, 554 F.3d 1301, 1307 (10th Cir. 2009) (quoting *United States v. Munoz-Nava*, 524 F.3d 1137, 1146 (10th Cir. 2008)). Reasonableness has both procedural and substantive components. "The procedural component concerns how the district court calculated and explained the sentence, whereas the substantive component concerns whether the length of the sentence is reasonable in light of the statutory factors under 18 U.S.C. § 3553(a)." *United States v. Adams*, 751 F.3d 1175, 1181 (10th Cir. 2014) (citing *Alapizco-Valenzuela*, 546 F.3d at 1214–15).

**2**

We turn first to Mr. Wilson's procedural challenge, which focuses on the nature and extent of the district court's consideration of his mental-health history

[7](...continued)
*see also United States v. Battles*, 745 F.3d 436, 457 (10th Cir. 2014) ("Ineffective-assistance-of-trial-counsel claims on direct appeal are generally disfavored in this circuit."). Therefore, we do not further address the contents of Mr. Wilson's post-sentence letter to the district court.

in imposing its within-Guidelines sentence. It is well understood that a district court commits procedural sentencing error by "failing to consider the [18 U.S.C.] § 3553(a) factors" or by "failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007); *accord United States v. Gordon*, 710 F.3d 1124, 1160 (10th Cir. 2013); *Alapizco-Valenzuela*, 546 F.3d at 1214–16. According to Mr. Wilson, certain § 3553(a) factors are particularly implicated by the circumstances of his mental health—that is, those pertaining to "the defendant's history and characteristics and needed medical care." Aplt.'s Opening Br. at 11; *see* 18 U.S.C. § 3553(a)(1) (noting that the court must consider "the history and characteristics of the defendant"); *id.* § 3553(a)(2)(D) (providing that the court must consider "the need for the sentence imposed . . . to provide the defendant with . . . medical care, or other correctional treatment in the most effective manner"). And he contends that the district court did not adequately consider these sentencing factors or discuss their relevance in explaining its chosen sentence.

More specifically, Mr. Wilson contends that "his mental illnesses were superficially recognized by the [district] court" and that "the court failed to address his diagnosis of head trauma and bipolar illness and PTSD." Aplt.'s Opening Br. at 16. In connection with this contention, Mr. Wilson places fault on the district court for not giving adequate attention to the information that the

15

PSR's Second Addendum reported; he said that this document "sounded the alarm" in noting that Mr. Wilson's GAF score was only 45, but the court did not discuss this document "in substance" with counsel at the hearing. *Id.* at 12. He further reasons that "[i]n referring to these issues[, presumably the issues that the Second Addendum detailed,] as not 'material' the District court failed its duty to provide an explanation and to adequately consider those issues." *Id.* at 16.

Consistent with our precedent, however, Mr. Wilson acknowledges that, because he "did not object to the procedure by which his sentence was determined and explained, his sentence may only be reversed [] in the presence of plain error." *Id.* at 10; *see, e.g.*, *United States v. Romero*, 491 F.3d 1173, 1178 (10th Cir. 2007) ("[B]ecause Romero did not object on procedural grounds . . . after the district court imposed his sentence, he has forfeited his right to appeal this issue and our review is only for plain error."); *accord United States v. Yurek*, 925 F.3d 423, 445 (10th Cir. 2019).

Our plain-error standard is a familiar one:

> To obtain relief under this [plain-error] doctrine, Mr. [Wilson] "must show: (1) an error, (2) that is plain, which means clear or obvious under current law, and (3) that affects substantial rights. If he satisfies these criteria, this Court may exercise discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings."

*United States v. Goode*, 483 F.3d 676, 681 (10th Cir. 2007) (quoting *United States v. Kimler*, 335 F.3d 1132, 1141 (10th Cir. 2003)); *accord United States v. Bustamante-Conchas*, 850 F.3d 1130, 1137 (10th Cir. 2017) (en banc).

We conclude that Mr. Wilson cannot satisfy this plain-error standard; indeed, he cannot even establish that the district court erred at all (i.e., the first prong of the plain-error standard). "Where, as here, a district court imposes a sentence falling within the range suggested by the Guidelines, [18 U.S.C.] Section 3553(c) requires the court to provide only a general statement of 'the reasons for its imposition of the particular sentence.'" *United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1199 (10th Cir. 2007) (quoting 18 U.S.C. § 3553(c)); *accord United States v. Fraser*, 647 F.3d 1242, 1246 (10th Cir. 2011); *see United States v. Wireman*, 849 F.3d 956, 958 (10th Cir. 2017) ("[W]e have held time and time again that a district court does not run astray of its duty to 'consider[ ] the parties' arguments' simply because it does not directly address those arguments head-on—assuming, that is, that the district court imposes a within-Guidelines sentence" (quoting *Rita v. United States*, 551 U.S. 338, 339 (2007))). Based on our review of the record, it is patent that the district court provided such a general, adequate statement of reasons—and then some. More specifically, the court expressly considered the § 3553(a) factors as they pertained to Mr. Wilson's mental-health circumstances.

17

To begin, the district court generally acknowledged its consideration of the advisory Guidelines and the § 3553(a) factors:

> The United States Sentencing Commission Guidelines are now advisory. The Court, while not required to sentence within the guidelines, has taken the guidelines into account in determining an appropriate sentence. The Court has also taken into account the statutory factors that are set forth at . . . Section 3553(a).

R., Vol. III, at 41–42. And, more specifically, the court considered Mr. Wilson's history and characteristics and focused significant attention on his mental-health circumstances.

For example, the court discussed "a couple of things – actually, a lot of things" about "his upbringing." *Id.* at 42. The court mentioned the "tremendous amount of baggage" of his youth, from his "broken home" to other "tragedies" like having to "work[] in the carnival to earn money for the family." *Id.* And, contrary to Mr. Wilson's argument on appeal, the district court specifically discussed his "trauma to the head." *Id.* at 43. This discussion specifically included a reference to his head injury from 2009 and, consistent with § 3553(a)(2)(D), assessed Mr. Wilson's potential need for additional medical services. *Id.* In relevant part, the court explained:

> As far as I know, there hasn't been a great diagnosis of what potential effects that [Mr. Wilson] might have from some of these head injuries, but when you look over his behavior, his hair trigger, anger management problems, possible drug use, it makes me worried that Mr. Wilson may have some brain trauma that

18

may be behind some of this and may be problematic for him, so I strongly urge Mr. Wilson, while he is in custody, to see whether he can get some medical services related to figuring out whether there is any type of brain injury.

*Id.* at 43.[8]

And the district court clearly took his mental illness into account in imposing a term of imprisonment—albeit not in the manner that Mr. Wilson hoped—noting that "what I just described [concerning Mr. Wilson's difficult upbringing and mental illness] may seem like kind of sympathetic, even mitigating-type factors," but in "combination [with Mr. Wilson's prior history with the law, reflecting his 'anger management issues' and 'violent conduct'] they are not." *Id.* at 44. And, contrary to Mr. Wilson's suggestion, the court did not err in failing to discuss at length the contents of the Second Addendum.

The court found that the information contained in the Second Addendum did not add anything "material" to the information already known about Mr. Wilson's mental-health circumstances. *Id.* at 32–33. And it is worth noting that the court's assessment of the significance of the information was even shared by Mr. Wilson's counsel. *See id.* Ultimately, after carefully reviewing the relevant

---

[8]     Indeed, the court specified, as a condition of his post-incarceration supervised release, that "Mr. Wilson must participate in and successfully complete a program of mental health treatment as approved by the probation officer until such time as he is released from the program by the probation officer." R., Vol. III, at 48.

portions of the record, we do not believe that the district court's view of the immateriality of this brief two-page document (i.e., the Second Addendum) is clearly erroneous, especially in light of the other available information bearing on Mr. Wilson's mental illness. *See Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985) (noting that the deferential clearly erroneous standard applies "even when the district court's findings do not rest on credibility determinations, but are based on physical or documentary evidence or inferences from other facts"); *United States v. Wagner*, 994 F.2d 1467, 1472 (10th Cir. 1993) ("Although the district court acted within its discretion in relying on the presentence report, we nevertheless still determine whether findings of fact are clearly erroneous by the standard articulated by the Supreme Court in *Anderson v. City of Bessemer City*[.]" (citations omitted)), *abrogated on other grounds as recognized by United States v. Smith*, 433 F.3d 714, 716–17 (10th Cir. 2006).

In sum, Mr. Wilson fails to satisfy even the first prong of plain-error review: he neither demonstrates that the district court committed procedural error by failing to consider the § 3553(a) factors relating to his mental-health circumstances, nor by inadequately explaining its within-Guidelines sentence.

**3**

We turn now to Mr. Wilson's challenge to the substantive reasonableness of his sentence. To be preserved for appellate review, "[g]enerally, claims of

20

substantive reasonableness need not be raised in district court." *United States v. Walker*, 844 F.3d 1253, 1256 (10th Cir. 2017); *accord United States v. Torres-Duenas*, 461 F.3d 1178, 1183 (10th Cir. 2006). However, ordinarily, we do not consider a claim of substantive reasonableness when the alleged error was invited; in that situation, we deem the claim to be waived. *See, e.g.*, *United States v. Mancera-Perez*, 505 F.3d 1054, 1059 (10th Cir. 2007) ("When the appellate argument for a lower sentence was not raised at any time before the district court, and when, to the contrary, the defendant affirmatively endorses the appropriateness of the length of the sentence before the district court, we conclude that if, there was error, it was invited and waived."); *see also United States v. Zubia-Torres*, 550 F.3d 1202, 1205 (10th Cir. 2008) (noting that "[w]e typically find waiver in cases where a party has invited the error that it now seeks to challenge" on appeal). And that doctrine of waiver applies with full force here.

Specifically, we decline to consider Mr. Wilson's challenge to the substantive reasonableness (i.e., length) of his sentence because he invited any error related to his sentence's length. This is not a situation where the defendant simply failed to object before the district court to the length of his sentence. Instead, as part of his plea agreement, Mr. Wilson affirmatively—and on the record—agreed to accept a sentence of the length that the district court imposed on him, that is, sixty-three months' imprisonment.

21

As such, Mr. Wilson invited any error related to that sentence's length, and we accordingly consider his challenge to the substantive reasonableness of his sentence to be waived. *See Mancera-Perez*, 505 F.3d at 1057 n.3 (explaining it would be "unjust and a perversion of the integrity and proper administration of justice to allow a defendant affirmatively to support the reasonableness of his sentence before the district court and then to challenge the reasonableness of that sentence on appeal"); *accord United States v. Chacon*, 800 F. App'x 638, 641 (10th Cir. 2020) (unpublished) (deeming defendant's substantive-reasonableness challenge waived "because [he] received the sentence he requested").

## III

For the foregoing reasons, we **AFFIRM** the district court's judgment, upholding the court's rulings as to Mr. Wilson's conviction and sentence.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge

22