FILED
United States Court of Appeals
Tenth Circuit

July 27, 2022

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GLEN ROY WAYT,

    Defendant - Appellant.

No. 21-8020
(D.C. No. 2:17-CR-00109-ABJ-1)
(D. Wyo.)

_____

## ORDER AND JUDGMENT[*]

_____

Before **MORITZ**, **BALDOCK**, and **EID**, Circuit Judges.[**]

_____

Glen Roy Wayt pled guilty to conspiracy to distribute methamphetamine and

attempted possession with intent to distribute methamphetamine. Both counts carry

statutory penalties of ten years to life in prison. *See* 21 U.S.C. §§ 841(a)(1),

841(b)(1)(A), 846. Wayt was sentenced to 120 months' imprisonment and forfeiture

of a piece of real property used in the offense. He appealed. His appellate counsel

submitted an *Anders* brief, arguing there are no non-frivolous claims to be brought on

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

appeal and seeking leave to withdraw from representing Wayt.  *See Anders v. California*, 386 U.S. 738 (1967).  Upon review of the record, we agree there are no non-frivolous arguments to be made on appeal.  We accordingly grant counsel's motion and dismiss the appeal.

## I.

In May 2017, Wayt was indicted on four counts: (1) conspiracy to distribute methamphetamine, (2) distribution of methamphetamine, (3) possession with intent to distribute methamphetamine, and (4) attempted possession with intent to distribute methamphetamine.  *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(A); 846; and 851.

In January 2019, Wayt was evaluated and declared mentally "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  R. Vol. III at 84.  However, one year later, in June 2020, another forensic psychologist found Wayt's competency had been restored, and that he could "participate in his defense."  *Id.* at 153.

In a deal negotiated by his trial counsel in February 2021, Wayt pled guilty to Counts 1 and 4: conspiracy to distribute methamphetamine and attempted possession with intent to distribute methamphetamine.  The plea agreement stipulated a sentence of 120 months' imprisonment and forfeiture of Wayt's shop premises ("the Property") located on 2291 Andrea Street, Casper, Wyoming 82601.  Wayt lived above and distributed methamphetamine from the Property.  In April 2021, Wayt's brother, Mark Wayt, filed a third-party petition claiming an interest in the Property as a co-owner, which was denied by the district court.

Wayt's Presentence Investigation Report (PSR) applied a total offense level of 38 and a criminal history category of II. The PSR also designated the Property as subject to forfeiture. Wayt's counsel initially objected to the Property's forfeiture and maintained the objection at sentencing.

After sentencing, Wayt submitted a group of documents titled "Motion for Appeal Attorney," which the court construed as a Notice of Appeal. *See* R. Vol. I at 55–62. Wayt's appellate counsel then filed the *Anders* brief before us, and Wayt submitted a response brief.

## II.

Appellate counsel's "role as advocate requires that he support his client's appeal to the best of his ability." *Anders*, 386 U.S. at 744. However, under *Anders*, if appellate counsel finds an appeal "wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." *Id.* "If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). Here, counsel filed an *Anders* brief arguing that there are no non-frivolous issues on which to base an appeal. We agree.

### a.

First, Wayt's counsel argues, with ample evidence from the record, that the district court did not err in accepting Wayt's guilty plea, and, alternatively, if it did, any omissions were harmless. In addition, counsel claims that because Wayt failed to "object at any point" during the plea hearing, any Rule 11(b) violation allegations are

3

unpreserved. *Anders*. Br. at 9; *see* Fed. R. Crim. P. 11(b)(1)(M). We agree, and therefore apply the plain error standard. *See United States v. Tignor*, 981 F.3d 826, 828 (10th Cir. 2020) (applying plain error where defendant failed to raise appellate argument below); *see also United States v. Griffith*, 928 F.3d 855, 863–64 (10th Cir. 2019) (requiring defendant to show an obvious error that affects his substantial rights and seriously affects the fairness, integrity, or public reputation of judicial proceedings).

Here, the district court conducted a proper plea colloquy and did not plainly err in accepting Wayt's guilty plea. The record provides ample evidence that Wayt had sufficient understanding at the time he pled guilty and that Wayt's plea was voluntary. For example, during the plea hearing, the district court questioned Wayt about the medication he was taking, and specifically asked him if the medication was "interfering in any way with your understanding of what is going on here today," to which Wayt replied "[n]o." R. Vol. III at 4–5. Thus, there is no non-frivolous argument that the district court committed plain error on this issue.

In his response, Wayt does not address any plea-related error by the district court, but instead argues his counsel failed to properly advise him of the ramifications of his plea agreement or object during the hearing. *See* Resp. Br. at 2 (citing *United States v. Holloway*, 826 F.3d 1237, 1243 (10th Cir. 2016)). However, as we held in *Holloway*, claims of ineffective representation must be brought in "collateral proceedings" before the district court, "not on direct appeal." 826 F.3d at 1243. Wayt did not raise any argument to the district court regarding his allegations

4

that counsel failed to challenge Wayt's mental capacity or forfeiture of the Property. Even if Wayt's ineffective assistance claims were preserved, the record does not indicate a "total breakdown in communication" between Wayt and his trial counsel. *See id.* at 1242–43; *see also United States v. Soto Hernandez*, 849 F.2d 1325, 1328 (10th Cir. 1988) (finding that a complete breakdown in communication may give rise to a presumption of ineffectiveness). However, because Wayt's claims of ineffective representation were not brought in collateral proceedings, we decline to review them here.

**b.**

Second, Wayt's counsel claims the district court did not err at Wayt's sentencing. While Wayt initially objected to the sentencing enhancement for maintaining a premises, he did not make any additional objections during the sentencing hearing, so we review only for plain error. *See Tignor*, 981 F.3d at 828.

Wayt's initial PSR designated his base offense level as 34 with a 4-level enhancement, and a criminal history category of II, pursuant to U.S.S.G. §§ 2D1.1(c)(3) and 4A1.1(a). Wayt does not challenge his PSR designation or criminal history category, nor does he contest that his plea agreement represented a downward variance of seven levels. Rather, he takes issue with the Property forfeiture provision of the plea agreement, claiming "a question exists whether [Wayt] would have entered into the Plea Agreement had he been properly advised or understood how his admissions in the Agreement would affect the Government's ability to acquire the real property." Resp. Br. at 6 (cleaned up). Thus, the question is whether the court

5

plainly erred by determining Wayt adequately understood the consequences of forfeiture at the time of his plea.

Here, the district court took note of competency concerns, and had two separate mental evaluations performed on Wayt. The first found him mentally incapable of understanding the proceedings, and the second, over a year later, found his competence had been restored sufficiently to proceed with trial. Nothing in the record indicates that the district court plainly erred when it agreed with the second evaluation. For example, the psychologist performing the evaluation testified, "I believe that [Wayt] may choose to present as if he cannot or as if he has difficulties, but I think there is ample evidence to suggest that when he chooses to, he can participate in his defense." R. Vol. III at 153. Wayt's claim that he "did not understand that his real property was going to be forfeited" is also belied by the ample evidence provided by counsel of Wayt's repeated affirmations of understanding to the district court. *Anders* Br. at 10–12. Therefore, Wayt has failed to show the district court plainly erred at sentencing, and we find no non-frivolous basis for Wayt to challenge the validity of the plea agreement.

**c.**

Third, Wayt's counsel argues that in consenting to his plea agreement, Wayt's interest in the Property is "unquestionably subject to forfeiture." *Anders* Br. at 25. Wayt, however, contests the existence of a nexus between the Property and his illegal activities, claiming that he is merely a joint owner of the Property, which he calls

6

"W.P.M. a family Business," and thus, the forfeiture "should be remanded . . . for furthe[r] proceedings." R. Vol. I at 55; Resp. Br. at 9.

We review the district court's legal conclusions de novo and its factual findings for clear error. *United States v. Bader*, 678 F.3d 858, 893 (10th Cir. 2012). Because forfeiture is part of sentencing, district courts apply a preponderance of the evidence standard, which we then review de novo. *Id.* Forfeiture is governed by 21 U.S.C § 853, which states that "[a]ny person convicted of a violation of this subchapter or subchapter II punishable by imprisonment for more than one year shall forfeit . . . any of the person's property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of, such violation." 21 U.S.C. § 853(a)(2).

Wayt was convicted under 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. In his plea agreement, Wayt admitted the Property was "involved in the offense(s) of conviction and is thus forfeitable to the United States," and "consent[ed] to the forfeiture" at his change of plea hearing. *See* R. Vol. II at 11; R. Vol. III at 45. Therefore, because Wayt and the Property fall under 21 U.S.C. § 853(a)(2)—Mark Wayt's third-party petition for the Property notwithstanding—the district court did not err, and any appeal on this issue would be frivolous.

7

## III.

Accordingly, because we agree with counsel that there is no non-frivolous basis for appeal, we GRANT counsel's motion and DISMISS the appeal.

Entered for the Court

Allison H. Eid
Circuit Judge